**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Action No.: TDC-17-1561 |
| **CYNTHIA WASHINGTON,** | * | |
| **Defendant.** | * | |

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses Plaintiff's Motion for Default Judgment (ECF No. 11) (the "Motion"). Plaintiff United States of America ("Plaintiff") filed a complaint against Defendant Cynthia Washington ("Defendant"), alleging Defendant failed to repay a signed promissory note executed to secure a Direct Consolidation loan from the U.S. Department of Education. ECF No. 1. Pursuant to 28 U.S.C. Section 636 and Local Rules 301 and 302, the Honorable Theodore D. Chuang referred this matter to the undersigned for the making of a Report and Recommendation concerning default judgment and/or damages. For the reasons stated herein, I recommend that the Court **DENY** the Motion without prejudice.

### I. Factual Background

Plaintiff filed its Complaint on June 6, 2017 (ECF No. 1), seeking an award of $79,016.77[1] plus interest on the principal at $6.89 per day until the date of judgment. On June 8, 2017, Plaintiff sent Defendant a waiver informing her that if she signed the waiver of service, she

---
[1] Plaintiff seeks principal of $55,875.80 and interest in the amount of $23,140.97 as of June 6, 2017. ECF No. 1, p. 2.

1

would have until August 7, 2017 to file a timely Answer to the Complaint. ECF No. 4. Plaintiff attached a copy of the Complaint to the Waiver. *Id.* On July 7, 2017, Defendant signed the form waiving service of summons in this action, and she returned it to Plaintiff. *Id.* Defendant failed to file an Answer or otherwise respond to the Complaint. Therefore, on October 10, 2017, the Clerk entered default against Defendant. ECF No. 10. Thereafter, Plaintiff filed this Motion; Defendant has filed no response.

**II.      Standard of Review**

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments. Rule 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). When considering a motion for default judgment, the Court accepts as true all well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). However, the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (citations omitted). The Court "must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought." *Id.*; 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688.1 (4th ed. 2017) ("Liability is not deemed established simply because of the default. . . [and] the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

The Fourth Circuit has repeatedly expressed a "strong policy that cases be decided on the merits." *See, e.g.*, *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993);

2

*Colleton Prepatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). However, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the plaintiff establishes liability, the Court then turns to the determination of damages. Fed. Prac. & Proc. Civ. § 2688, n.6 (4th ed.). In determining damages, the Court cannot accept Plaintiff's factual allegations as true and must make an independent determination. *See Lawbaugh*, 359 F. Supp. 2d at 422. Rule 54(c) of the Federal Rules of Civil Procedure limits the type and amount of damages that may be entered as a result of a party's default, stating that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). While the Court may conduct an evidentiary hearing to determine damages, it is not required to do so. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (citing *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *2). The Court may rely instead on affidavits or documentary evidence of record to determine the appropriate sum. *See, e.g., Monge*, 751 F. Supp. 2d at 795 (citing cases in which damages were awarded after a default judgment and without a hearing, based on affidavits, printouts, invoices, or other documentary evidence).

### III. Discussion

As noted above, Defendant waived service of summons on June 8, 2017, but failed to plead or otherwise assert a defense. ECF No. 4. Accordingly, all of Plaintiff's factual allegations not pertaining to damages are deemed admitted. *Ryan*, 253 F.3d at 780. Taking the well-pleaded facts from the Complaint as true, Defendant executed a promissory note to secure a Direct Consolidation Loan from the Department of Education. ECF No. 1, p. 1. Plaintiff alleges

that Defendant owes a student-loan debt of $79,016.77 plus ongoing interest.  For the reasons stated below, it is my recommendation that the Motion be denied without prejudice.

The Court does not have reliable documents on which to base its analysis.  Plaintiff has submitted a copy of the signatory page of the "Application and Promissory Note" in conjunction with an affidavit by Christopher Bolander, a loan analyst for the Department of Education.  ECF No. 1-2.  Plaintiff relies solely on the affidavit as the basis for the terms that Defendant allegedly agreed to and has subsequently broken, giving rise to this suit.  ECF No. 1, p. 1–2.  However, Plaintiff fails to provide the Court with a completed Application and Promissory Note evidencing Defendant's assent to the amount alleged.  Without the completed Application and Promissory Note, the documents provided are not acceptable evidence that the parties have agreed to be bound to the terms of the loan application.  The Court cannot appropriately deem Defendant to have consented to any of the terms Plaintiff alleges in its Complaint.  Without proof of Defendant's assent to the terms, Plaintiff's case has no foundation.

Plaintiff fails to provide sufficient explanation for why a copy of the complete record was not provided to the Court.  As stated above, Plaintiff provided the Court with a copy of the signatory page of the Application and Promissory Note, with Plaintiff asserting that the signatory page "was the only page received and possessed by the Department regarding the loan."  ECF No. 1, p. 1.  Instead, Plaintiff provided the Court with a blank copy of the form promissory note that Plaintiff alleges Defendant filled out in securing a loan.  *Id*. at 1–2.  Plaintiff fails to provide the Court with any specific information about the Application and Promissory Note, including amount loaned and interest rate agreed to.  Additionally, Plaintiff requests that the Court simply accept Mr. Bolander's statements concerning Defendant's indebtedness and repayment amounts.  Mr. Bolander certifies that the U.S. Department of Education has records reflecting the amounts

4

owed, the interest accrued, and the amount Defendant has repaid.  ECF No. 1-2.  The Court questions why Plaintiff did not simply provide said U.S. Department of Education records for review.

**IV.     Conclusion**

For the foregoing reasons, I recommend Plaintiff's Motion be DENIED without prejudice.  I recommend that Plaintiff be given thirty (30) days to correct the deficiencies in the Motion by providing the Court with a copy of the Federal Direct Consolidation Loan Application and Promissory Note signed and dated by Defendant, evidencing Defendant's assent to the amount and terms that Plaintiff claims.  If the documents are provided, I recommend that the Court grant Plaintiff's Motion and enter judgment against Defendant in the total amount of $79,016.77 plus interests at the rate of $6.89 per day until the date of judgment.


February 9, 2018                                              /s/
                                                    Charles B. Day
                                                    United States Magistrate Judge


CBD/gbc